UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Jetta Lewis, <br><br>                     Plaintiff,<br><br>v.<br><br>Wake Technical Community College<br><br>                     Defendants. | Case No. 5:23-cv-709<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff, brings this action against Defendant, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") [42 U.S.C. §2000e-2], 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA") [42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA")], and the Family Medical Leave Act of 1993 ("FMLA").

2. Plaintiff is a Black woman who filed multiple grievances with Defendant employer beginning on or about April 12, 2023 alleging discrimination and harassment due to her race and sex/pregnancy.

3. Due to a health condition, Plaintiff requested use of intermittent FMLA leave and multiple reasonable accommodations including limited hours and the ability to work from home.

4. On or about August 2, 2023, while Plaintiff was on vacation/leave, Plaintiff's supervisor, whom she had accused of discrimination, demanded that she immediately respond to allegations regarding a miscommunication.

5. Plaintiff's automated out-of-office message informed her supervisor that she would return to work on August 10, 2023.

6. On August 4, 2023, Plaintiff's supervisor requested that Defendant terminate Plaintiff due to her failure to respond to the request.

7. On or about August 8, 2023, Defendant terminated Plaintiff's employment.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII of the Civil Rights Act and 42 U.S.C. § 1983, and 42 U.S.C. § 12101 to 12213. This court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over Defendant because it, at all times material, continuously conducted business in Wake County, North Carolina.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district and all defendants reside in North Carolina, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events and omissions giving rise to the claim occurred in this district.

## CONDITIONS PRECEDENT

11. On or about August 25, 2023, Plaintiff timely filed a charge, alleging (race and sex/pregnancy) discrimination and retaliation with the Equal Employment Opportunity Commission's ("EEOC") Raleigh District Office located at 434 Fayetteville Street, Suite 700, Raleigh, NC 27601. (EEOC Charge Number 433-2023-02089). (See Ex. 1).

12. On September 10, 2023, the EEOC issued a Notice of Right to Sue letter. This Complaint has been filed within 90 days of receipt of that notice. (See Ex. 2)

13. No administrative exhaustion or other conditions precedent are required prior to filing claims under 42 U.S.C. § 1983).

## PARTIES

14. Plaintiff, Jetta Lewis ("Mrs. Lewis" or "Plaintiff") resides in Wake County, North Carolina, and was employed by Defendant from August 2016 until August 2023.

15. Defendant, Wake Tech Community College ("Wake" or "Defendant"), is a public community college located in Wake County, North Carolina. Defendant is an employer as defined by 42 USC § 2000e.

16. Based on information and belief, Defendant operates multiple campuses throughout Wake County, North Carolina and employs over 500 people.

## FACTUAL ALLEGATIONS

17. Plaintiff, Mrs. Lewis, is a Black woman.

18. On or about August 10, 2016, Mrs. Lewis accepted a position as Instructor 9M Academic Success for Defendant.

19. Mrs. Lewis experienced issues due to a health condition in August 2021 and Defendant allowed her to work remotely as a reasonable accommodation.

20. On or about January 4, 2023, during a faculty meeting attended by Mrs. Lewis' supervisor, Diane Haigler ("Ms. Haigler), and Dean David Cooper ("Dean Cooper"), Mrs. Lewis' colleagues joked about assigning an undesirable schedule to a new faculty member.

21. Their conversation soon turned from assigning the schedule to a new faculty member to assigning it to Mrs. Lewis.

22. Mrs. Lewis believed that she was being unfairly targeted during the meeting.

23. On January 26, 2023, Mrs. Lewis met with Ms. Haigler to discuss schedule assignments for the upcoming 2023 – 2024 academic year.

24. Ms. Haigler told Mrs. Lewis that she was tentatively assigning her the undesirable schedule that was discussed during the faculty meeting.

25. Mrs. Lewis expressed concerns about the schedule, and asked why the schedule was being presented to her and not her fellow co-workers.

26. Mrs. Lewis communicated her belief that she was being singled out.

27. Mrs. Lewis also informed Ms. Haigler, during the meeting, that she was enrolled in a doctoral program at North Carolina State University ("NCSU") and that she was taking three graduate courses.

28. On or about March 10, 2023, Ms. Haigler met with Mrs. Lewis to discuss what she alleged were concerns about Mrs. Lewis' performance. Specifically, Ms. Haigler had issues with Mrs. Lewis' grading.

29. On or about March 30, 2023, Ms. Haigler informed Mrs. Lewis that she was assigning her the schedule they discussed during their January meeting.

30. Mrs. Lewis raised concerns about the schedule again, and expressed her belief that she was being singled out.

31. On or about April 11, 2023, Mrs. Lewis met with Ms. Haigler and Dean Cooper for an informal resolution meeting to discuss the schedule.

32. During the meeting, Mrs. Lewis complained of discrimination due to what she perceived as disparate treatment.

33. Dean Cooper alleged that Mrs. Lewis had received preferential treatment from her previous supervisor during the 2021-2022 academic year because she was allowed to teach all of her courses online.

34. Ms. Haigler also alleged that it was not normal for the college to allow its faculty members to teach their entire course load online after giving birth.

35. Mrs. Lewis informed Ms. Haigler and Dean Cooper that she had been allowed to teach her entire course load online as a reasonable accommodation due to a medical condition.

36. Mrs. Lewis then told Dean Cooper and Ms. Haigler that she would like to file a complaint with Human Resources regarding the matter and the meeting concluded.

37. On or about April 12, 2023, Mrs. Lewis sent a conflict resolution/employee grievance letter to Paris Howard ("Ms. Howard") who works in Defendant's Human Resources Department.

38. On or about April 17, 2023, Mrs. Lewis attended an employee relations meeting with Ms. Howard.

39. During the meeting, Mrs. Lewis accused her supervisor, Ms. Haigler, of discrimination and harassment.

40. On April 26, 2023, Ms. Howard shared the findings of her investigation with Mrs. Lewis. She alleged that Mrs. Lewis was not mistreated.

41. On or about May 2, 2023, Mrs. Lewis filed a formal grievance against Ms. Haigler.

42. On June 26, 2023, Ms. Haigler provided Mrs. Lewis with her performance appraisal.

43. Although the performance appraisal mentions the same concerns that Ms. Haigler raised during their March meeting, she rated Mrs. Lewis as meeting or exceeding each of her performance objectives.

44. On or about June 27, 2023, Mrs. Lewis met with Ms. Haigler to discuss her performance appraisal.

45. On or about June 30, 2023, Defendant provided a written response to Mrs. Lewis' formal grievance, and denied finding evidence to support Mrs. Lewis' discrimination claims.

46. On July 6, 2023, Mrs. Lewis requested an appeal of Defendant's findings from its investigation.

47. Also on July 6, 2023, Ms. Haigler demanded that Mrs. Lewis provide her Fall 2022 and Spring 2023 class schedule.

48. Ms. Haigler also requested that Defendant's Information Technology Systems department ("IT") provide a report detailing Mrs. Lewis' usage of Defendant's Blackboard system.

49. On July 12, 2023, Mrs. Lewis provided Ms. Haigler with her Fall 2022 and Spring 2023 course schedule.

50. Mrs. Lewis went on unpaid leave from approximately July 15, 2023 through August 10, 2023.

51. On or about July 18, 2023, Mrs. Lewis requested intermittent FMLA leave for the 2023 – 2024 academic year due to a serious health condition. Her request was eventually approved by Defendant.

52. On or about July 25, 2023, Mrs. Lewis' medical provider requested that she be assigned a reduced work schedule of 20 hours per week for an 8-week period as a reasonable

accommodation. They also requested that she be allowed to work from home, exclusively, during this period.

53. On or about August 3, 2023, Ms. Haigler sent an email to Mrs. Lewis containing multiple allegations of misconduct and demanding an immediate response to her claims.

54. Mrs. Lewis' automated email response informed Ms. Haigler that she was out of office and would return on August 10, 2023.

55. Mrs. Lewis did not immediately respond to Ms. Haigler's request.

56. On August 4, 2023, Ms. Haigler, requested that Mrs. Lewis be terminated.

57. On or about August 8, 2023, Defendant terminated Mrs. Lewis' employment.

## CLAIMS FOR RELIEF

### COUNT I – Unlawful Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

58. Plaintiff repeats and realleges paragraphs 1 – 57 as if fully set forth herein.

59. Plaintiff, a Black woman who suffered from a medical condition, is a member of a protected class.

60. Plaintiff's job performance was satisfactory.

61. Defendant took adverse employment action against Plaintiff by terminating her employment due to her status as a member of a protected class.

62. Plaintiff was treated differently than similarly situated employees outside of her protected class.

63. Plaintiff suffered damages as a result of Defendant's unlawful actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

64. Defendant intentionally violated Mrs. Lewis' rights under the ADA with malice or reckless indifference, and as a result, is liable for punitive damages.

## COUNT II – Unlawful Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

65. Plaintiff repeats and realleges paragraphs 1 – 64 as if fully set forth herein.

66. Plaintiff engaged in protective activity by filing multiple complaints alleging racial discrimination.

67. Defendant took adverse employment action against Plaintiff by terminating her employment.

68. A causal connection exists between Plaintiff's protected activity and Defendant's adverse employment actions.

69. Plaintiff suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

70. Defendant intentionally violated Mrs. Lewis' rights under Title VII with malice or reckless indifference, and as a result, is liable for punitive damages.

## COUNT III– Unlawful Retaliation in Violation of Title VII of 42 U.S.C. § 1983

71. Plaintiff repeats and realleges paragraphs 1 – 71 as if fully set forth herein.

72. Plaintiff engaged in protected activity by filing multiple complaints alleging discrimination and by requesting medical accommodations under the ADA.

73. Defendant is a government entity and its employees are state employees.

74. While acting under the color of state law, Defendant deprived Plaintiff of her constitutional and federal statutory rights in violation of the Civil Rights Act of 1866 (42 U.S.C. § 1983).

75. Defendant acted with malice or reckless indifference to Plaintiff's constitutional and federally protected rights. Furthermore, Defendant's management countenanced or approved of the retaliation as exhibited by Defendant's approval of Ms. Haigler's request to terminate Plaintiff's employment.

76. As a proximate and direct result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages including emotional distress, inconveniences, loss of income and benefits, humiliation, and other indignities.

77. Accordingly, Plaintiff is entitled to compensatory and punitive damages to the fullest extent permitted by 42 U.S.C. § 1983.

**COUNT IV – Unlawful Retaliation in Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

78. Plaintiff repeats and realleges paragraphs 1 – 77 as if fully set forth herein.

79. Plaintiff was a qualified individual with a disability within the meaning of 42 U.S.C. § 12101 of the ADA.

80. Plaintiff could perform the essential functions of her job with a reasonable accommodation.

81. Plaintiff engaged in protected activity by requesting an accommodation under the ADA.

82. Defendant took materially adverse employment action against Plaintiff by terminating her employment.

83. A causal connection exists between Plaintiff's protected activity and Defendant's materially adverse employment action.

84. Plaintiff suffered damages as a result of Defendant's unlawful actions including past and future lost wages and benefits, and the costs of bringing this action.

85. Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, is liable for liquidated damages.

**COUNT V – Unlawful Retaliation in Violation of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.***

86. Plaintiff repeats and realleges paragraphs 1 – 85 as if fully set forth herein.

87. Plaintiff engaged in protected activity by requesting FMLA leave.

88. Defendant interfered with, restrained, and denied Plaintiff's lawful exercise of her FMLA rights by terminating her employment.

89. Defendant's adverse employment actions were related to Plaintiff's attempt to take FMLA leave.

90. A causal connection exists between Defendant's adverse employment action and Plaintiff's protected activity.

91. Plaintiff suffered damages as a result of Defendant's unlawful retaliatory actions including past and future lost wages and benefits, and the costs of bringing this action.

92. Defendant intentionally violated Plaintiff's rights under FMLA with malice or reckless indifference, and, as a result, is liable for liquidated damages.

**PRAYER FOR RELIEF**

WHERFORE, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff damages for past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

E. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully Submitted,

December 11, 2023

    */s/ Kirton Madison*
Kirton M. Madison, NC State Bar # 43029
Madison Law, PLLC
8936 Northpointe Executive Park Drive
Suite 240-260
Huntersville, NC 28078
Telephone: (704) 981-2790
Fax: (704) 930-0648
kmadison@madlawpllc.com
*Attorney for Plaintiff, Jetta Lewis*